IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD ULL** )  )   Plaintiff, )  ) v. )  ) **FIRE SAFETY, INC.,** )  )   Defendant. ) | Civil No. **09-081-DRH** |

### ORDER

Before the Court is plaintiff's Motion to Compel. **(Doc. 38)**. Defendant filed its response at **Doc. 40**, and plaintiff filed a reply at **Doc. 45.**

The motion concerns two areas of discovery. First, plaintiff seeks to compel defendant to produce witnesses Donna Karpan, Barry Dittman, Gordon Hill, Scott Miller and Joan Cochran for deposition. All of these persons except for Joan Cochran are employees of defendant. Defendant has notified plaintiff that he must subpoena Cochran. **See, Doc. 40, p. 2**. Defendant had resisted producing its employees for deposition until the issue of consolidation of plaintiff's cases was resolved. Now that the cases have been consolidated, the problem is resolved.

Evidently, plaintiff has not yet been deposed. The Court has, this date, entered an amended scheduling order which provides a discovery deadline of January 6, 2010. The Court expects the parties to agree upon an appropriate schedule for the depositions of the parties.

Secondly, plaintiff seeks to compel defendant to respond to certain of his written discovery requests. Plaintiff's certificate of attempt to resolve, attached to **Doc. 38**, states that plaintiff's counsel attempted to reach defendant's attorneys "through their secretaries on numerous occasions; correspondence dates June 29, 2009, and July 6, 2009." The two letters are attached to **Doc. 38 as Ex. A and B**. They do not concern the written discovery requests.

Fed. R.Civ.P. 37(a)(1) requires that, before a motion to compel discovery responses is

filed, the movant must, in good faith, confer or attempt to confer with opposing counsel in an effort to obtain discovery responses without court action.  This Court take this requirement seriously.  It is evident from defendant's response to the motion that the parties could resolve at least some of the objections on their own.

For good cause shown, plaintiff's Motion to Compel **(Doc. 38)** is **DENIED** at this time.  However, counsel for both parties are directed to confer in a good faith effort to resolve defendant's objections to the written discovery requests.  Thereafter, if unresolved issues remain, plaintiff may file another motion to compel.

**IT IS SO ORDERED.**

DATE:  September 22, 2009.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

2