IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD ULL** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. **09-081-DRH** |
| v. | ) |
| | ) |
| **FIRE SAFETY, INC.,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Compel Disclosure and for Sanctions. **(Doc. 60)**. Defendant filed its response at **Doc. 61**, and plaintiff filed a reply at **Doc. 63.**

Plaintiff alleges that defendant fired him for making use of health insurance benefits provided by his employer, discriminated against him on the basis of his age and medical condition, and retaliated against him for complaining about discrimination.

Plaintiff mailed his Second Request for Production of Documents on September 29, 2009. On November 6, 2009, defendant responded by making objections and producing some documents. **See, Doc. 60, Ex. A**. According to plaintiff, it was later learned that not all responsive documents had been produced. Plaintiff asks the Court to find that defendant's objections were waived, to order defendant to produce all requested documents, and to sanction defendant.

In its response, defendant argues that the Court should not find that its objections are waived because its responses were only a few days late, and the late response was not the result of any bad faith on its part. Defendant points out that Fed.R.Civ.P. 34 does not specifically provide that objections not made within 30 days are waived.

1

The Court is persuaded that, in the circumstances presented here, defendant's objections are not waived. The Federal Rules of Civil Procedure distinguish between interrogatories and requests to produce documents in this regard. Rule 33(b)(4) provides that, in the case of interrogatories, "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." However, Rule 34 does not contain a similar provision stating that an objection to a request for production is waived if not timely made. Here, the objections were only a few days late. Further, the objections were not made in bad faith, as they are well-taken. It is obvious that plaintiff's requests are overly broad and seek information that is of no relevance.

Plaintiff claims that defendant acted in bad faith because it posed objections, but then "went ahead and seemingly answered the Request for Production fully without conditions." **Doc. 63, p.1**. Plaintiff's attorney evidently assumed that defendant did not withhold any documents based on its objections. This assumption was not warranted. Defendant stated that it was responding to the requests "subject to and without waiving said objections." **See, Doc. 60, Ex. A.** It seems evident that there would be no point in stating an objection and then producing all responsive documents anyway.

This Court is also persuaded that defendant's objections are well-taken. Even a cursory review of plaintiff's requests reveals that they are clearly overly broad. For instance, in the first request, plaintiff asks for copies of "Any all documents concerning Plaintiff for January 1, 2006 up to the present time." In the eleventh request, plaintiffs asks for "Copies of any and all documents reflecting Defendant's charges for the work done or equipment supplied or any other services by the Plaintiff and his co-employees in his job title for the time period of January 1,

2005 up and through January 30, 2008." The Court need not belabor the point any further; all of plaintiff's requests are in the same vein and are of similar wide scope.

The Court finds that defendant's objections to plaintiff's Second Request for Production of Documents are not waived, and are well-taken. Therefore, plaintiff's Motion to Compel Disclosure and for Sanctions **(Doc. 60)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATE:  December 8, 2009**.

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**